UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>SGT. PEREA, et al.,<br><br>        Defendants. | No. 1:20-cv-01342-NONE-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO FILE NOTICE OF INTENT TO PROCEED WITH THIS ACTION WITHIN 14 DAYS<br><br>(ECF No. 10) |

Plaintiff William J. Gradford is proceeding *pro se* and *in forma pauperis* in this civil rights action. On July 22, 2021, this case was reassigned from Magistrate Judge Helena Barch-Kuchta to the undersigned pursuant to Plaintiff's request to deem this case related to a separate case before the undersigned, Case No. 1:20-cv-00543-NONE-EPG, under Local Rule 123. (ECF Nos. 8, 10). The order reassigning the case noted that the similarity between the factual events of the two cases "is likely to effect a substantial savings of judicial effort and is likely to be convenient for the parties." (ECF No. 10, p. 2). Given the similarity between these cases and the recent procedural history of Case No. 1:20-cv-00543-NONE-EPG, the Court concludes that it is appropriate for Plaintiff to file a notice in the instant case stating whether he intends to proceed with this action.

**I.    Background - Case No. 1:20-cv-00543-NONE-EPG**

Plaintiff filed his lawsuit in Case No. 1:20-cv-00543-NONE-EPG on April 16, 2020, against Deputies F. Velasco and T. Webster. (ECF No. 1). Plaintiff's claims arise during his

1

incarceration at the Stanislaus County Public Safety Center, with Plaintiff asserting that the Defendants harassed and intimated him and then retaliated against him after he complained about their conduct. After screening the complaint, the Court found that Plaintiff sufficiently alleged "claims against Defendant[] Velasco for verbal harassment in violation of the Fourteenth Amendment and Velasco and Webster for retaliation in violation of the First Amendment." (ECF No. 10, p. 13). After Plaintiff notified the Court that he wished to proceed only on the claims found cognizable in the screening order (ECF No. 11), this Court issued findings and recommendations consistent with the screening order (ECF No. 12), which the District Judge later adopted (ECF No. 15).

For some time, Plaintiff repeatedly filed procedurally improper, unfounded, and frivolous motions, leading the Court to warn Plaintiff of sanctions should he continue. (*See* ECF Nos. 40, 50, 58). As one example, Plaintiff filed a motion to voluntarily dismiss the case on April 15, 2021, indicating that a settlement agreement had been reached. (ECF No. 42). However, he later moved to withdraw his motion to dismiss, stating that "Plaintiff has simply become confused with multi[ple] cases and related cases in the courts since 2016 up to date" and alleged that defense counsel has retaliated against him. (ECF 49, p. 1). In recommending that Plaintiff be permitted to withdraw the motion to dismiss, the Court noted that it was yet another recent example of a frivolous filing:

> Plaintiff's withdrawn motion to dismiss . . . [is] frivolous because [it is] objectively unreasonable. The withdrawn motion to dismiss also includes text [] that appears to be from letters the clerk sent to Plaintiff and aspects of the screening order. It is not a request with any legal basis. . . .
>
> These are not the only frivolous filings Plaintiff has made in this case. In the month of April alone, Plaintiff filed three other frivolous documents. His request for leave, filed on April 14, 2021, (ECF No. 39), suffers from almost identical defects as does his motion for an order. Plaintiff filed a notice on April 19, 2021 that appears to be a handwritten copy of part of the table of contents of the local rules for this district. (ECF No. 44). Similarly, Plaintiff's April 22, 2021 notice is a 32-page filing, much of which appears to be a handwritten copy of parts of several court orders and part of the form complaint for prisoners. (ECF No. 48).

(ECF No. 50, p. 5-6). The District Judge adopted the findings and recommendations and granted Plaintiff's motion to withdraw the motion to dismiss. (ECF No. 68).

On May 25, 2021, plaintiff filed a document entitled "Plaintiff's request to dismiss this

case." (ECF No. 65). The motion begins by referring to Plaintiff's earlier filing requesting that the case be deemed related to another of Plaintiff's cases, 1:18-cv-01364-DAD-GSA under Local Rule 123 (ECF No. 4), which request this Court denied (ECF No. 7), concluding that the cases were not related. Notably, 1:18-cv-01364-DAD-GSA was terminated in January 2021, with the District Court denying a motion for reconsideration in March 2021, which is a couple months before Plaintiff filed his motion to dismiss. Plaintiff concluded by stating "dismiss . . . this case" and that "[t]his action is against Deputies F. Velasco and T. Webster at the County Public Safety Center. Defendant's request to dismiss this case." (ECF No. 65, p. 2-3).

The same day that Plaintiff filed the motion to dismiss, Defendants filed a statement of non-opposition. (ECF No. 66).

Because Plaintiff previously filed a motion to dismiss (ECF No. 42), which he later withdrew (ECF No. 49), the Court issued an order on June 7, 2021, directing Plaintiff to clarify the purpose behind the instant motion to dismiss. (ECF No. 69). Specifically, the Court directed Plaintiff to submit a notice filing within 14 days of service of the order, stating whether his filing intended to voluntarily dismiss this case. The Court explained that this meant that the action would be terminated from the docket and the case would no longer continue against the Defendants. Importantly, the Court warned Plaintiff that, if he failed to respond within the 14-day period, it would be presumed that he intended to dismiss the case, as indicated in his filing.

After more than 14 days passed since the issuance of this order without Plaintiff filing any response, the Court issued findings and recommendations on July 1, 2021, to dismiss the case as voluntarily dismissed. (ECF No. 70). Plaintiff did not file any objections, and the findings and recommendations remain pending.

**II.     The Instant Case - Case No. 1:20-cv-01342-NONE-EPG**

Plaintiff filed this case on September 21, 2020. (ECF No. 1). While the complaint sues different defendants than Case No. 1:20-cv-00543-NONE-EPG, the events in the complaint contain very similar allegations against Deputies Velasco and Webster arising during Plaintiff's incarceration at the Stanislaus County Public Safety Center. Plaintiff's last filing in the case was his December 11, 2020 request to deem this case related to Case No. 1:20-cv-00543-NONE-EPG,

3

which is notably about six months before Plaintiff filed his May 25, 2021 motion to voluntarily dismiss his case in Case No. 1:20-cv-00543-NONE-EPG.

### III.     Conclusion and Order

Given Plaintiff's recently expressed desire to dismiss similar allegations in Case No. 1:20-cv-00543-NONE-EPG, the lack of recent filings in the instant case, and the need to conserve judicial resources, the Court concludes that it is prudent to direct Plaintiff to file a notice in the instant case informing the Court whether he intends to proceed with this action.

Accordingly, the Court HEREBY ORDERS as follows:

1. No later than 14 days from service of this order, Plaintiff shall submit a notice filing informing the Court whether he intends to proceed with this action;
2. Plaintiff is warned that, if he fails to respond within the 14-day period, the Court may recommend dismissing this action for failure to comply with a court order and failure to prosecute this case.

IT IS SO ORDERED.

Dated:   **July 23, 2021**                                    /s/ *Erica P. Grosjean*
                                                                          UNITED STATES MAGISTRATE JUDGE

4