1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. GRADFORD,

Plaintiff,

v.

SGT. PEREA, et al.

Defendants.

Case No. 1:20-cv-01342-NONE-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDER

(ECF No. 11)

OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS

Plaintiff William J. Gradford is proceeding *pro se* and *in forma pauperis* in this civil rights action. For the reasons explained, the Court recommends that this case be dismissed because of Plaintiff's failure to prosecute this case and comply with the Court's order.

## I.      BACKGROUND

Plaintiff filed this case on September 21, 2020, against Defendants Sgt. Perea, Sgt. R. Johnson, and Lt. Houston, generally bringing "supervisory liabilities claims"[1] for their alleged connection to the alleged misconduct of Deputies T. Webster and F. Velasco while Plaintiff was incarcerated at the Stanislaus Public Safety Center. (*See* ECF No. 1, pp. 1, 4-5). According to Plaintiff, around February 7, 2020, he became aware of Deputy Velasco, who used "foul

---

[1] Minor alterations, such as correcting misspelled words, have been made to some of Plaintiff' without indicating each alteration.

language" and "sex talk" that was directed towards the inmates. (ECF No. 1, p. 4). Plaintiff

complained about this behavior to Defendants Perea and Johnson, noting that he had also

"reported his co-worker [] Deputy T. Webster for his sexual joking and manner with inmates."

(*Id.* at 4-5). Deputy Velasco then started to "intimidate, harass and annoy" Plaintiff. (*Id.* at 5).

Plaintiff "complain[ed] on inmate request[ed] kites (via kiosk)" to Defendants Perea, Johnson,

and Houston; however, "F. Velasco continued and seem[ed] to get worse because [Plaintiff] kept

reporting him" and the Defendants "would not stop and or prevent Deputy F. Velasco from

intimidating, harassing, annoy[ing], sex talking in nature or manner and stop him for trying to act

[Plaintiff] from reporting him." (*Id.* at 7).

Deputies T. Webster and F. Velasco are not named as Defendants in this case; however,

they were named Defendants in a separate case that was previously pending before the

undersigned, Case No. 1:20-cv-00543-NONE-EPG.  Plaintiff's claims in that case also arose

during his incarceration at the Stanislaus County Public Safety Center and contain many of the

same allegations underlying the instant action. Specifically, around February 7, 2020, Plaintiff

became aware of Deputy Velasco who use "foul language" and "sex talk" that was directed

towards inmates. (ECF No. 1, p. 5- Case No. 1:20-cv-00543-NONE-EPG). And, Plaintiff had

previously "reported his co-deputy T. Webster that worked in the same small building/unit . . . for

sexually joking with inmates." (*Id.* at 6 - Case No. 1:20-cv-00543-NONE-EPG). After Plaintiff

began reporting Deputy Velasco for this conduct, he "began to intimidate, harass, and annoy"

Plaintiff. (*Id.* - Case No. 1:20-cv-00543-NONE-EPG). Plaintiff complained about Deputy

Velasco to Sgt. Perea and Lt. Houston but the misconduct continued. (*Id.* at 8 - Case No. 1:20-cv-

00543-NONE-EPG).

After the screening the complaint in Case No. 1:20-cv-00543-NONE-EPG, the Court

found that Plaintiff sufficiently alleged "claims against Defendant[] Velasco for verbal

harassment in violation of the Fourteenth Amendment and Velasco and Webster for retaliation in

violation of the First Amendment." (ECF No. 10, p. 13 - Case No. 1:20-cv-00543-NONE-EPG).

Plaintiff elected to proceed on these claims. (ECF No. 11 - Case No. 1:20-cv-00543-NONE-

EPG). Plaintiff then filed a motion to voluntarily dismiss on April 15, 2021, indicating that a

settlement agreement had been reached. (ECF No. 42 - Case No. 1:20-cv-00543-NONE-EPG). However, he later moved to withdraw his motion to dismiss, stating that he had "simply bec[a]me confused with multi[ple] cases and related cases in the courts since 2016 up to date" and alleged that defense counsel has retaliated against him. (ECF 49, p. 1 - Case No. 1:20-cv-00543-NONE-EPG). This Court recommended that Plaintiff be permitted to withdraw the motion to dismiss, and the district judge adopted the findings and recommendations and granted Plaintiff's motion. (ECF No. 50, p. 5-6; ECF No. 68 - Case No. 1:20-cv-00543-NONE-EPG).

On May 25, 2021, plaintiff filed a document in Case No. 1:20-cv-00543-NONE-EPG entitled "Plaintiff's request to dismiss this case," stating "dismiss . . . this case" and that "[t]his action is against Deputies F. Velasco and T. Webster at the County Public Safety Center. Defendant's request to dismiss this case." (ECF No. 65, p. 2-3 - Case No. 1:20-cv-00543-NONE-EPG). Because Plaintiff previously filed a motion to dismiss, which he later withdrew, the Court issued an order on June 7, 2021, directing Plaintiff to submit a notice filing within 14 days of service of the order, stating whether his filing intended to voluntarily dismiss this case. (ECF No. 69 - Case No. 1:20-cv-00543-NONE-EPG).

After more than 14 days passed since the issuance of this order without Plaintiff filing any response, the Court issued findings and recommendations on July 1, 2021, to dismiss the case as voluntarily dismissed. (ECF No. 70 - Case No. 1:20-cv-00543-NONE-EPG).

On July 22, 2021, the instant case was reassigned from Magistrate Judge Helena Barch-Kuchta to the undersigned pursuant to Plaintiff's request to deem this case related to Case No. 1:20-cv-00543-NONE-EPG under Local Rule 123. (ECF Nos. 8, 10). The order reassigning the case noted that the similarity between the factual events of the two cases "is likely to effect a substantial savings of judicial effort and is likely to be convenient for the parties." (ECF No. 10, p. 2).

On August 2, 2021, in Case No. 1:20-cv-00543-NONE-EPG, the findings and recommendations to dismiss the case as voluntarily dismissed were adopted without any objection from Plaintiff. (ECF No. 71 - Case No. 1:20-cv-00543-NONE-EPG).

## II.     ORDER FOR NOTICE OF INTENT TO PROCEED IN THIS CASE

After this case was assigned to this Court, it issued an order noting the similarity of the allegations between this case and Case No. 1:20-cv-00543-NONE-EPG. (ECF No. 11). Specifically, the order recounted the factual allegations and procedural history of the two cases, noting that Plaintiff's last filing in the instant case was in December 2020 and that, in Case No. 1:20-cv-00543-NONE-EPG, the Court had recently issued findings and recommendations to dismiss the case as voluntarily dismissed.

Because Plaintiff had recently expressed his desire to dismiss his very similar allegations from Case No. 1:20-cv-00543-NONE-EPG, the lack of recent filings in the instant case, and the need to conserve judicial resources, the Court directed Plaintiff to file a notice within fourteen days in the instant case informing the Court whether he intended to proceed with this action. Plaintiff was warned that, if he failed to respond within the fourteen-day period, the Court may recommend dismissing this action for failure to comply with a court order and failure to prosecute this case. To date, Plaintiff has not filed anything in the instant case.

## III.     ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, there is no reason to expend scarce judicial resources in adjudicating this matter if Plaintiff does not intend to pursue it. And Plaintiff's failure to comply with the

1   simple directive to notify the Court whether he intends to proceed with this case is delaying the

2   case from progressing. Given that Plaintiff has not responded to this Court's order despite being

3   warned that dismissal may be recommended, his recent dismissal of very similar allegations in

4   Case No. 1:20-cv-00543-NONE-EPG, and the lack of any filing from Plaintiff since December

5   2020 in this case, the record indicates that Plaintiff does not wish to pursue this action.

6        Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

7   and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay

8   inherently increases the risk that witnesses' memories will fade and evidence will become stale,"

9   *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's order that

10   is causing delay and preventing this case from progressing.  Therefore, the third factor weighs in

11   favor of dismissal.

12        As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute

13   this action and fails to comply with the Court's order, despite being warned of possible dismissal,

14   there is little available to the Court which would constitute a satisfactory lesser sanction while

15   protecting the Court from further unnecessary expenditure of its scarce resources. Monetary

16   sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given the stage of

17   these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because

18   the dismissal being considered in this case is without prejudice, the Court is stopping short of

19   using the harshest possible sanction of dismissal with prejudice.

20        Finally, because public policy favors disposition on the merits, this factor weighs against

21   dismissal. *Id.*

22   **IV.**    **CONCLUSION AND RECOMMENDATIONS**

23        After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

24   Accordingly, the Court HEREBY RECOMMENDS that:

25        1.    This case be dismissed, without prejudice, because of Plaintiff's failure to

26   prosecute and comply with the Court's order; and

27        2.    The Clerk of Court be directed to close this case.

28        These findings and recommendations are submitted to the United States district judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated:   **August 10, 2021**          /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE

6